# SPRING SESSIONS, 1900.

JAMES A. CROKER, JR., Administrator of James F. Lawless, *vs.* THE PUSEY & JONES COMPANY, a corporation of the State of Delaware.

*Case—Personal Injuries Resulting in Death—Primary Duty of Master—Safe Tools or Machinery—Negligence—Assumption of Risk—Measure of Damages.*

1. It is a primary duty of the master to provide suitable and reasonably safe tools and machinery for the servant. If he fail to do this, he is liable for the injury resulting from such failure. In the performance of this duty the master must use all reasonable care and prudence for the safety of the servant, having regard to the character of the work to be performed. Such care must be in proportion to the danger of the employment. The servant has the right to rely on the master for the performance of this duty, without inquiry on his part.

2. The choice of tools and machinery lies with the master. It is not necessary that they should be the latest, the newest, the most improved, the safest or the best. The true test is not that others use like tools and machinery, but whether they are reasonably suitable and safe for the work to be done, and such as reasonably careful and prudent men would use under like circumstances.

3. Where the death of the servant is caused by the negligence of the master, the measure of damages, in a suit by the administrator of the deceased, would be such a sum as the jury believe the deceased would probably have earned in his business during his life, and left as his estate; taking into consideration the age of the deceased, his ability and disposition to labor, and habits of living and expenditures. In this the jury should be governed by the reasonable rules governing human experience in the acquisition and retention of property, under the circumstances and environments surrounding such a life.

*(March 3, 1900.)*

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*William S. Hilles* and *Harry P. Joslyn* for plaintiff.

*James W. Ponder* and *Walter H. Hayes* for defendant.

Superior Court, New Castle County, February Term, 1900.

ACTION ON THE CASE (No. 151, February, 1898), brought by the administrator of James F. Lawless, deceased, to recover from the defendant company damages for the death of the said deceased, alleged to have been caused by reason of the negligence of the defendant company in not providing a reasonably safe derrick with which to perform the work in which said deceased was engaged.

Further facts appear in the charge of the Court.

LORE, C. J., charging the jury:

Gentlemen of the jury:—It is not disputed in this case, that James F. Lawless, the plaintiff's intestate, was killed on the tenth day of December, 1897, in this city in the yard of the Pusey & Jones Company, the defendant. That his death was caused by being struck in the back by the mast end of the boom or arm of the derrick, which broke loose and fell upon him, while he was working at the foot of the derrick, in the employment and about the work of said company.

It is claimed by the plaintiff, that the derrick was not suitable in construction, or reasonably safe for raising or moving large and heavy boat ribs and frames, the purpose for which it was being used at the time of the accident; that the defendant company is liable, because it failed to perform one of the primary duties of the master, in that it did not provide a reasonably safe machine with which to perform that particular work.

The defendant, on the other hand, claims that the derrick was properly constructed and reasonably safe.

The range of your iniquiry, therefore, is this: was that derrick a reasonably safe machine, for the purpose for which it was being used at the time of the accident.

It is a primary duty of the master, to provide suitable and reasonably safe tools and machinery, for the servant, with which to perform the particular work in which he is engaged. If the master shall fail in the performance of this primary duty, he is liable to the servant for whatever injury he may suffer resulting alone from such failure. In the performance of this duty, the master must use all reasonable care and prudence for the safety of the servant; having regard to the character of the work to be performed. Such care must always be in proportion to the danger of the employment. The servant has the right to rely upon the master for the proper performance of this duty without inquiry on his part.

The choice of tools and machinery lies with the master. They must be suitable for the work and reasonably safe. It is not necessary, that they should be the latest, the newest, the most improved, the safest or the best. Neither is the use of like tools and machinery in other establishments the test of fitness. The true test is not alone that others use them, but whether they are reasonably suitable and safe for the work to be done, and not whether other persons do in fact use them, but whether they are such as reasonably careful and prudent men would use under like circumstances.

Where the master has performed this primary duty, the servant assumes the ordinary risks and hazards incident to the business in which he is engaged. He is presumed to have contracted with reference to such risks and hazards and in contemplation of the dangers great or little that surround his peculiar occupation. He holds himself out for such work and is presumed to know and contemplate its ordinary risks and dangers.

The distinct question is, whether the plaintiff provided in that derrick a reasonably suitable and safe machine for hoisting and handling that frame. This is to be determined by you, from the evidence in this case, under the rules of law above stated.

If that derrick was reasonably suitable and safe for that work, at the time of the accident, then your verdict should be for the defendant. In that case, the accident did not result from the negli-

gence of the defendant, but was the result of one of the risks which the plaintiff assumed in his employment. It would be a mere accident, without negligence, for which the defendant would not be liable.

The case of the plaintiff rests upon the negligence of the defendant. No recovery can be had for the plaintiff, unless you are satisfied by the preponderance of the evidence that the injuries complained of resulted from the negligence of the defendant. Negligence is never presumed; it must be proved.

There is practically no dispute about the law in this case. We have called your attention to the principles of law involved, so that you may apply them to the facts. The issue is essentially one of fact to be determined by you from the evidence.

It is for you to say whether the derrick at that time, and for that work, was a reasonably suitable and safe machine.

If it was, then your verdict should be for the defendant.

If it was not, then your verdict should be for the plaintiff. If you find for the plaintiff, it should be for such sum as in your judgment, under the evidence in this cause, the deceased would probably have earned in his business during life, and left as his estate; taking into consideration, the age of the deceased, his ability and disposition to labor, and habits of living and expenditures.

In this you are to be governed not by mere speculation or conjecture, but by the reasonable rules governing human experience in the acquisition and retention of property, under the circumstances and environments surrounding such a life. In other words, you are to ascertain from the evidence, what estate the deceased would have left at the termination of his probabilities of life as proved in this case.